UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-05063-SPG-PD | Date | February 23, 2023 |
|---|---|---|---|
| Title | Francois Tabi v. Unknown et al | | |

| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |
|---|---|
| P. Gomez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** **(IN CHAMBERS) ORDER TO SHOW CAUSE RE: ORDER OF DISMISSAL FOR FAILURE TO STATE A CLAIM**

    Plaintiff Francois Tabi brings this § 1983 action against several employees of the Central District of California. (ECF No. 1). Plaintiff alleges that the "Central District Court and its clerks have refused to timely enter and file Plaintiff's documents." (*Id.* ¶ 13). Plaintiff further alleges that the "Clerks of the Court [ ] have continued to make decisions on matters for which they have no legal authority and apparently no training or understanding. Compelled by contempt for the pro se litigant and by a false sense of legal expediency and economy, the District Court Judges have allowed the Clerks of the Court to engage in unauthorized practice of the law. These administrative acts have led to constitutional violations for which the District Court Judges and their underlings have no judicial immunity, and for which they must beat ultimate responsibility." (*Id.* ¶ 23).

    A district court may act *sua sponte* to dismiss a complaint for failure to state a claim under Rule 12(b)(6) provided that the plaintiff is given an opportunity to respond. *See Reed v. Lieurance*, 863 F.3d 1196, 1207-08 (9th Cir. 2017) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 683 n.7 (9th Cir. 2001)) ("Although '[a] trial court may dismiss a claim *sua sponte* under [Rule 12(b)(6)], the court must give notice of its intention to dismiss and 'afford plaintiffs an opportunity to at least submit a written memorandum in opposition to such motion.'"); *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015) (internal citations and quotation marks omitted) ("[W]e have recognized that [a] trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6) [provided that] the district court ... give notice of its *sua sponte* intention and provide the plaintiff with 'an opportunity to at least submit a written memorandum in opposition to such motion.'"); *see also Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 637–38 (9th Cir. 1988) (instructing courts may dismiss *sua sponte* a pleading that fails to state a claim under Rule 12(b)(6) without giving plaintiff notice of its intention to dismiss and an opportunity to respond if "[p]laintiff[ ] cannot possibly win relief" (quoting *Wong v. Bell*, 642 F.2d 359, 362 (9th Cir. 1981)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-05063-SPG-PD | Date | February 23, 2023 |
|---|---|---|---|
| Title | Francois Tabi v. Unknown et al | | |

Judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under Section 1983. *Pierson v. Ray*, 386 U.S. 547, 553–55 (1967). "A judge will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotation marks and alterations omitted). "Absolute immunity is not reserved solely for judges, but extends to nonjudicial officers for all claims relating to the exercise of judicial functions." *Burton v. Infinity Cap. Mgmt.*, 862 F.3d 740, 747 (9th Cir. 2017) (citation omitted); *Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) ("Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process."). "The doctrine of absolute and quasi-absolute judicial immunity is expansive. Grave errors or malicious act alone, or even an improper conspiracy by judicial officers, do not tear asunder this immunity." *Sanai v. Kozinski*, No. 4:19-cv-08162-YGR, 2021 WL 1339072, at *9 (N.D. Cal. Apr. 9, 2021).

According to the Ninth Circuit, the "commencement of an action by filing a complaint or petition is a basic and integral part of the judicial process. . . . The clerk of court and deputy clerks are the officials through whom such filing is done. Consequently, the clerks qualify for quasi-judicial immunity unless these acts were done in the clear absence of all jurisdiction." *Id*. (affirming the district court's ruling that the court clerks had absolute immunity from damages where they accepted and filed an incomplete bankruptcy petition and then refused to accept an amended petition for filing because the chapter designated on the petition was incorrect); *see also Coulter v. Roddy*, 463 Fed. App'x 610, 611 (9th Cir. 2011) (court clerk immune for allegedly directing deputy clerks to refuse to file forms presented by a pro se litigant seeking dismissal of a civil action); *Essell v. Carter*, 450 Fed. App'x 691 (9th Cir. 2011) (court clerks immune for failing to respond to pro se plaintiff's letters and failing to file various motions and appeals); *Kinney v. Clerk of California Ct. of Appeal Fourth App. Dist.*, No. SACV 16-02197-CJC(KESx), 2016 WL 10651054, at *1 (C.D. Cal. Dec. 21, 2016).

//
//
//
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-05063-SPG-PD | Date | February 23, 2023 |
|---|---|---|---|
| Title | Francois Tabi v. Unknown et al | | |

    Here, Plaintiff's Complaint alleges that Defendants took actions which are an integral part of the judicial process and are well within their jurisdiction. Thus, all Defendants have immunity for the conduct alleged in the Complaint, so Plaintiff cannot possibly prevail. Based upon the foregoing, the Court is inclined to dismiss this case with prejudice. Amendment appears to be futile and there is no possibility that Plaintiff can prevail based upon his complaint. That said, Plaintiff may provide a written statement, no longer than 15 pages, within 21 calendar days from the date of this Order explaining why this case should not be dismissed for failure to state a claim upon which relief may be granted, given the well-established law cited above.[1] Failure to do so will result in dismissal without prejudice for the reasons outlined above.

    IT IS SO ORDERED.

                                                                             Initials of Preparer    pg

---

[1] Plaintiff's motion for permission to effect service of process by publication and request for clarification are hereby **DENIED** as moot.   (ECF Nos. 12, 15).